# UNITED STATES DISTRICT COURT

for the

MIDDLE District of FLORIDA

OCALA Division

Case No. 5:23-cv-215-TPB-PRL
*(to be filled in by the Clerk's Office)*

RICHARD ALBERT LOGSDON

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

BILLIE WOODS FNU OLIVER

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

FILED - USDC - FLMD - OCA
APR 26 2024 AM11:24

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: RICHARD ALBERT LOGSDON
All other names by which you have been known:
ID Number: 0256515
Current Institution: MARION COUNTY JAIL
Address: 3290 NW 10TH ST
OCALA (City) FL (State) 34475 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: BILLIE WOODS
Job or Title *(if known)*: SHERIFF
Shield Number:
Employer: MARION COUNTY SHERIFF'S OFFICE
Address: 692 NW 30TH AVE
OCALA (City) FL (State) 34475 (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 2
Name: WILLIAM OLIVER
Job or Title *(if known)*: CHAPLAIN
Shield Number: 6547
Employer: MARION COUNTY SHERIFF'S OFFICE/JAIL
Address: 3290 NW 10TH ST
OCALA (City) FL (State) 34475 (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Shield Number

Employer

Address

City State Zip Code

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

City State Zip Code

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See "BASIS FOR JURISDICTION"

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See additional page.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Marion County Jail Ocala, FL 34475 2024 and January 14, 2023 to present

C. What date and approximate time did the events giving rise to your claim(s) occur?

Passover April 22, 2024 - April 30, 2024 / January 14, 2023 to present

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See "Statement of Claim."

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Dramatic weight loss (222 lbs down to 178 lbs, now 173 lbs). Gums have shrunken causing bottom teeth to be loose, and dentures (top plate) do not fit and need to be replaced.
    Headaches, dizziness, weakness, muscle tone loss, strength loss. Signed up for sickcall. Doctor refused to address the issue. She only stated I need to eat.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See additional page for "Relief."

**VII. Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [x] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Marion County Jail Ocala, FL

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [ ] Yes
- [ ] No
- [x] Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

i have not been allowed access to the electronic grievance computer.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Please see page "GRIEVANCE."

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I have exhibits but the law library staff is not making copies of them. Additionally, other inmates submitted requests for these "Complaints." I am being refused a 42 U.S.C. 1983 due to the pending complaint.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII. Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Richard Albert Logsdon

   Defendant(s) Billie Woods FNU OLIVER

2. Court *(if federal court, name the district; if state court, name the county and State)*

   MIDDLE DISTRICT OCALA DIVISION

3. Docket or index number

   5:23-cv-215-TPB-PRL

4. Name of Judge assigned to your case

   Philip R. Lemmen - The Honorable

5. Approximate date of filing lawsuit

   ~~April 2023~~ JUNE 14, 2023

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 18, 2024

Signature of Plaintiff: Richard Albert Logsdon
Printed Name of Plaintiff: Richard Albert Logsdon
Prison Identification #: 0256515
Prison Address: 3290 NW 10th ST.
OCALA (City) FL (State) 34475 (Zip Code)

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City State Zip Code

Telephone Number
E-mail Address

BASIS FOR JURISDICTION

① First Amendment - Free Exercise of Religion
② First Amendment - Establishment of Religion
③ Fifth Amendment - Racial Discrimination
④ Eighth Amendment - Cruel and Unusual Punishment
⑤ Fourteenth Amendment - Equal Protection
⑥ Religious Land Use and Institutionalized Persons Act
⑦ Florida Constitution Article 1 section 3 Free Exercise of Religion
⑧ Florida Statute 761.03 Free Exercise of Religion Protected

FIRST AMENDMENT - FREE EXERCISE OF RELIGION

The kosher diet is a fundamental and biblical tenet to Plaintiff's religious beliefs. By requiring Plaintiff to get confirmation from an outside religious organization in order to obtain a Kosher diet is a burden to the free exercise of religion. Requiring outside confirmation is a self-imposed policy instituted by the defendants.

FIRST AMENDMENT - ESTABLISHMENT OF RELIGION

Defendants agreed to violate Plaintiff's right to freely exercise his religion by not providing a kosher diet. Defendants acted deliberately in refusing to provide Plaintiff a kosher diet without prior verification of religious status.

FIFTH AMENDMENT - RACIAL DISCRIMINATION

Defendant Oliver and defendant Woods required that Plaintiff verify he is Jewish before allowing him to obtain a kosher meal or observe Passover. Other inmates did not have to get verification from Aleph Institute.

EIGTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT

Plaintiff has suffered significant weight loss and other adverse physical effects from lack of nutrition, such as: loss of muscle mass, and strength, lost weight at an unhealthy rate, shrunken gums causing Plaintiff's top denture plate not to fit. Plaintiff has to eat from trays that have had pork on them, which has contaminated everything on the tray including the tray. Plaintiff has suffered spiritual injury and emotional damage

FOURTEENTH AMENDMENT - EQUAL PROTECTION

Defendant Oliver violated the equal protection clause when he allowed other pretrial detainees to receive Kosher meals after showing they received such in prison. Plaintiff submitted information showing he was on the Kosher diet as others, but defendant Oliver denied Plaintiff the Kosher meal with no justification. Additionally, defendant Oliver violated the equal protection clause when he allowed other pretrial detainees to participate in Passover without getting verification that person is Jewish, but has required Plaintiff to get verification that he is Jewish from Aleph Institute before he can participate in Passover.

RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT

Defendants instituted an unconstitutional policy by requiring Plaintiff to get verification of his religious beliefs from an outside organization.

FLORIDA CONSTITUTION ARTICLE 1 SECTION 3

Defendants violated the Florida Constitution when they established a policy that prohibits the Plaintiff from freely exercising his religion by requiring a third party to "verify" the Plaintiff is Jewish and keeps kosher.

FLORIDA RELIGIOUS FREEDOM RESTORATION ACT OF 1998

Requiring Plaintiff to verify he keeps kosher has caused Plaintiff to engage in conduct that Plaintiff's religion forbids, such as eating non-kosher food, and especially food from a tray that has had pork on it, has substantially burdened Plaintiff's free exercise of religion.

STATEMENT OF CLAIM KOSHER

1) Plaintiff is a pretrial detainee at Marion County Jail in Ocala, Florida. At the time of being booked in (January 14, 2023) Plaintiff told the booking officer (name unknown) that he is Jewish and requires a kosher diet. The booking officer stated a request had to be sent to the chaplain for approval.

2) Plaintiff submitted a request to defendant Oliver to be placed on the Kosher diet. Oliver responded on January 23, 2023 stating Plaintiff was to complete a religious dietary form. On January 24, 2023 Plaintiff submitted the completed form.

3) January 31, 2023 Plaintiff submitted another request saying he had not received the kosher diet. Plaintiff was given another form, to which he submitted such on the 5th of February, 2023,

The response to the second request for the Kosher meal, defendant Oliver stated he never received the First form.

4) When defendant Oliver failed to respond Plaintiff submitted a request to speak with the sector sergeant (sgt.). After speaking with the sgt. an email was sent to Oliver concerning the issue.

5) The following day the sgt. informed Plaintiff that he was not going to receive the Kosher diet as he did not provide a name or a phone number to verify such. The issue is, Plaintiff did provide such on both forms, as well as the First request.

6) February 27, 2023 Plaintiff submitted a request to file a formal grievance. No response has been forthcoming. All administrative remedies has been exhausted to the best of Plaintiff's ability.

7) April 9, 2023 (Easter Sunday) at approximately 1:00 pm Oliver came into wing A of 6 pod. Plaintiff spoke with Oliver about the kosher diet. Oliver told Plaintiff to submit a request. (Plaintiff calls this video/audio recording as evidence as well as the meeting on April 16, 2023 and June 13, 2023 as further evidence). Plaintiff submitted three requests since that day.

8) The 11th of June, 2023 Plaintiff filed his third request since April of 2023 indicating his religious diet could be verified by contacting FDOC.

9) June 13, 2023 Plaintiff was hand delivered a response from Oliver addressing the request. That response in part says "*You were responded to on 1/23/23 and 2/7/2023, with denials due to "unable to verify.*" The two requests Plaintiff submitted was after April. The third request clearly states: "*This is the third request I have submitted to you since April. I am Jewish, I am registered as Jewish in DOC Columbia and DOC Hamilton.*"

10) This form states that I am to provide a name and contact information of affiliated group. Plaintiff provided such. Oliver was not pleased with this and denied such diet.

11) This form is a substantial burden on Plaintiff. The Bible clearly states a follower of G-d is to adhere to a kosher diet (Leviticus). Plaintiff has provided a name and a number to which Oliver could contact, to which he did. That contact told Oliver that Plaintiff does Keep Kosher and is Jewish.

12) Plaintiff then provided Oliver with two institutions here in Florida that he could have contacted but refused to do so.

13) Defendant Woods authorized the use of this form and has agreed with Oliver.

14) This dietary form has imposed a substantial burden on the Plaintiff as he cannot exercise his religious belief. Plaintiff has consistently told Oliver his religion requires him to keep Kosher.

15) Other inmates in this pod - House of Yahweh, Muslim, Christian - are receiving the Kosher diet and provided contact information and/or FDOC information to get such. Plaintiff has provided the same information but is being denied the Kosher diet.

16) June 13, 2023 Plaintiff filed a request to submit a formal grievance against Oliver for his denial of the Kosher meal in regards to paragraph 15.

17) Plaintiff has no recourse but to file this Complaint as the defendants have caused Plaintiff to violate his ability to practice his religion, in that he has to consume food contrary to his religious belief, and has caused harm to Plaintiff, in that he has lost weight, muscle mass, and has/is experiencing headaches, dizziness, and fatigue and loss of strength, and emotional damage.

STATEMENT OF CLAIM PASSOVER

1) February 24, 2024 Plaintiff submitted a request to the chaplain stating he needed the dates for Passover, and he wanted to participate in such i.e. Kosher foods and prayers.

2) March 4, 2024 Oliver responded with the dates, and stated, "You will receive information and guidelines on observance procedures for those on nonkosher meals desiring to observe Passover."

3) A few days later Plaintiff received a form from Oliver. This form was for Aleph Institute - a third party organization to verify Plaintiff is Jewish, before he could participate in Passover.

4) March 14, 2024 Plaintiff submitted a request to speak with the sgt. to file a formal grievance against the chaplain about Passover. March 18, 2024 at 0930 it was denied by someone in the chapel department.

5) March 19, 2024 Oliver at approximately 7:40 a.m. called Plaintiff out to the officer station to speak with him about the form from Aleph. Plaintiff explained he did not need Rabbi Katz to verify Plaintiff is Jewish. As Oliver was speaking Plaintiff walked back into the pod.

6) March 20, 2024 Plaintiff filed a request to speak with the sector sergeant (sgt.) stating, "Need to talk to sector sergeant about the verification policy from Aleph for Passover.

Chaplain Oliver will not allow me to participate."

7) March 21, 2024 at 1:00 p.m. Oliver called Plaintiff out to the officer station telling Plaintiff he needed to verify he is Jewish to get on the list for Passover. Plaintiff stated he does not need Rabbi Katz to verify anything. Oliver then enlisted an officer to tell Plaintiff he needed to fill out the form.

8) Plaintiff explained he filed a complaint because of the verification policy. He further stated he submitted a request explainong he is recognized as being Jewish in FDOC but Oliver denied him the kosher meal.

9) During the conversation with Oliver, Plaintiff explained there was no legal basis for the verification policy based on case law, and it was declared unconstitutional (Audio/video recording is verification as well).

10) Plaintiff only wants a kosher meal, but Oliver states that Plaintiff has to verify he is Jewish, through a third party organization, namely, Aleph Institute.

11) When Plaintiff explained another inmate did not have to get verification he is Jewish and he was on the list to celebrate Passover, Oliver told Plaintiff not to go off on a tangent, as they were discussing Plaintiff and not anyone else.

12) March 25, 2024 sergeant Allen spoke with Plaintiff at about 6:15 p.m. Plaintiff was told the I.T. guys removed all the electronic grievance computers, therefore a grievance could not be filed (This can be verified from the audio/video recording in G.A).

13) There are no formal grievance forms to fill out nor are there any electronic grievance computers available to file such.

14) A request was submitted to file a formal grievance. No response has been supplied.

15) Thanksgiving day and December 25th, 2023 pork was served on the trays, as well as the 26th of December. A request was submitted about such. Plaintiff was told to get on a religious diet.

16) All administrative remedies that are/were available to Plaintiff has been exhausted.

RELIEF

① Preliminary injunction enjoining the defendants from enforcing the verification policy as the verification policy was declared unconstitutional in the District of Nevada.

2) Injunctive relief in that Plaintiff receives the Kosher for Passover meals as prescribed by his religion as stated in Torah and Shulchan Aruch, and regular Kosher meals.

3) Declaratory relief that defendants violated Plaintiff's rights, state and federal.

4) Punitive damages against each defendant in the sum of $500,000 for violating the following:

   1) Racial discrimination and equal protection of the Fourteenth Amendment,
   2) The right to freely exercise religion as described in the First Amendment.
   3) The right to freely exercise religion as described in the Florida Constitution, Article 1, section 3, and Florida Statute 8761.03

5) Compensatory damages against each defendant in the sum of $500,000.

6) Other relief as this Honorable Court deems just.

7) A jury trial on all issues triable by a jury.

8) Reimbursement of all court costs, filing fees, and attorney fees if this Honorable Court grants Plaintiff an attorney, or if he obtains an attorney.

GRIEVANCE

① Plaintiff submitted a request to speak with the sector sergeant (Kolonski). An email was sent to defendant Oliver. Sergeant informed Plaintiff he was denied due to not being able to verify Plaintiff was Jewish.

Logsdon, Richard #A0256515
G A X 24
3290 N.W. 10th Street
Ocala, Florida 34475

Judge Cochran
Director of Inmate Services
Marion County Jail

Acct#3011



quadient
FIRST-CLASS MAIL
IMI
$002.35
04/23/2024 ZIP 34475
043M31252488
US POSTAGE

INMATE MAIL

INMATE MAIL

INMATE MAIL

INMATE MAIL

SCREENED
By USMS

INMATE M

United States District Court
207 N.W. Second Street, #337
Ocala, Fla. 34475-6666

INMATE MAIL

INMATE MAIL