UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RICHARD LOGSDON,**

    **Plaintiff,**

v.                                                              Case No: 5:23-cv-215-TPB-PRL

**BILLIE WOODS and WILLIAM OLIVER,**

    **Defendants.**

_____

**ORDER**

Plaintiff Richard Logsdon, an inmate of the Marion County Jail, is proceeding *pro se* on a third amended complaint for the violation of civil rights (Doc. 32). Pending before the Court now is Plaintiff's "Declaration for Entry of Default" (Doc. 49), wherein Plaintiff asserts Defendants have failed to answer or otherwise defend against Plaintiff's complaint. Plaintiff's filing is not well taken as his assertions are belied by the record.

Plaintiff's third amended complaint (Doc. 32) became the operative pleading May 28, 2024. On June 20, 2024, Defendants filed their motion to dismiss Plaintiff's third amended complaint (Doc. 42). On July 1, 2024, Plaintiff filed his response to Defendants' motion to dismiss (Doc. 43).

As Defendants have filed a motion to dismiss (Doc. 42), Defendants have not failed to "plead or otherwise defend" and Plaintiff is not entitled to default. Federal Rule of Civil Procedure 55 provides in relevant part: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's

default." Fed. R. Civ. P. 55. Importantly, the responding party may prevent entry of default if he "otherwise defend[s]" against the action. Fed. R. Civ. P. 55. "Specifically, the filing of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted has been held to be sufficient action to preclude entry of default." *Guimaraes v. Nat'l Opinion Rsch. Servs., Inc.*, No. 07-20592-CIV, 2007 WL 2066310, at *1 (S.D. Fla. July 17, 2007) (citations omitted); *see also Abrams v. CIBA Specialty Chems. Corp.*, No. 08-0068-WS-B, 2008 WL 4183344, at *13–14 (S.D. Ala. Sept. 10, 2008) (denying plaintiffs' "near frivolous" motion for default, where "defendants ha[d] been responsive and demonstrated their willingness to defend the claims [ ] against them" by filing a timely motion for more definite statement and to dismiss, and where "[p]laintiffs' ill-conceived, legally unsupported request for default identifie[d] no basis for overcoming [the Eleventh Circuit's] strong policy of deciding cases on their merits"). Given that Defendants have filed a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and this motion remains pending, default is improper under Rule 55.

Further, although Plaintiff is proceeding *pro se*, he is still obligated to comply with Federal Rule of Civil Procedure 11(b), which provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P 11(b). A plaintiff's failure to comply with Rule 11(b), may subject him to sanctions under Rule 11(c). Although Defendants have requested sanctions for Plaintiff filing his motion for default (Doc. 49), the Court declines to impose sanctions at this time. **Plaintiff is hereby warned that if he continues to file frivolous motions, it could lead to the imposition of sanctions.**

Accordingly, Plaintiff's motion (Doc. 49) is **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of July 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Party, Counsel of Record