UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD LOGSDON

      Plaintiff,

v.                                    Case No. 5:23-cv-215-TPB-PRL

BILLIE WOODS, Sheriff, and
WILLIAM OLIVER, Chaplain,

      Defendants.

_____/

## ORDER

Richard Logsdon sued Sheriff Billie Woods and Chaplain William Oliver under 42 U.S.C. § 1983, challenging a jail policy that requires verification of a prisoner's religious affiliation before the prisoner is eligible for a religious diet. An earlier order dismissed with prejudice Logsdon's Third Amended Complaint. The order was entered on March 13, 2026, (Doc. 92), and a judgment was entered in favor of the defendants on March 16, 2026 (Doc. 93). This action remains closed.

Logsdon now files a "Motion to Accept as Timely Filed" a notice of appeal that he purportedly filed on April 2, 2026.[1] (Doc. 94) Logsdon argues that when

---

[1] Logsdon's motion is deemed filed on May 18, 2026, because it contains two date stamps that show he provided it to Santa Rosa Correctional Institution for mailing on that date. *See* Doc. 94 at 1, lower left corner and Doc. 94-2 at 2, upper middle of envelope; *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (explaining

he did not receive any mail regarding his appeal, he submitted a letter of inquiry to the Clerk about the appeal on April 20, 2026. According to Logsdon, the Clerk responded with a copy of the docket sheet, which showed that the Court never received the notice of appeal.[2] Logsdon attaches the notice of appeal to his motion (Doc. 94-1) and asks the Court to accept it as timely filed.

In a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a). Under Rule 4(a)(1)(A), the deadline to appeal was April 13, 2026, or thirty days after entry of the order on March 13, 2026. *See* Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 6(a)(1)(C).

A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4. *See* Fed. R. App. P. 26(b)(1). The district court may *extend* the time to file a notice of appeal under Rule 4(a)(5) if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Logsdon filed his current motion on May 18, 2026, which is more than thirty days after the time to file a

---

that under the prison mailbox rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.")

[2] Logsdon does not provide a date on which he received a copy of the docket sheet from the Clerk. And, the docket sheet lacks any notation that the Clerk mailed a docket sheet to Logsdon.

notice of appeal expired. Accordingly, the district court may not extend the time to file a notice of appeal under Rule 4(a)(5).

Alternatively, under Rule 4(a)(6), a district court may *reopen* the time to file an appeal, but only if three conditions are satisfied: "(1) the moving party did not receive notice of the entry of the judgment or order appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced." *Watkins v. Plantation Police Department*, 733 F. App'x 991, 994 (11th Cir. 2018). "Even if all three prongs are met, however, a district court may, in its discretion, deny a motion to reopen." *Id.* (citing Fed. R. Civ. P. 4(a)(6)).

The Court may not reopen the time to file a notice of appeal under Rule 4(a)(6) because, according to Logsdon, he received the Court's order dismissing this action in time for him to file a notice of appeal on April 2, 2026. Because Logsdon received the Court's order within 21 days after its entry, Logsdon cannot meet the first condition required for reopening the time to appeal under Rule 4(a)(6).

Moreover, even if Logsdon could meet all three prongs under Rule 4(a)(6), the Court declines to exercise its discretion to reopen the time to appeal. The Court notes that this motion does not present the more common scenario in which a party claims he did not receive notice of the order or

3

judgment from which he wishes to appeal. Logsdon acknowledges timely receipt of the Court's dismissal order. Rather, Logsdon contends that the Clerk did not receive (or docket) his notice of appeal, which he purportedly mailed on April 2, 2026. Logsdon attaches this notice of appeal to his motion, which contains an incomplete date stamp. (Doc. 94-1 at 1, lower left corner) Logsdon argues that the date stamp shows he delivered the notice of appeal to prison authorities for filing on April 2, 2026. However, the Court questions the date stamp's authenticity because it contains only a few letters and numbers and appears to have been traced from an authentic stamp.[3] Additionally, the docket sheet lacks any record of Logsdon's April 20, 2026 letter to the Clerk (before it was attached to Logsdon's current motion).

Accordingly, the Court lacks the authority to extend or reopen the time to file a notice of appeal under Rule 4. And, the Court declines to exercise its discretion to accept the notice of appeal as timely filed because it lacks authenticity. Logsdon's motion is therefore **DENIED**.

---

[3] The notice of appeal also contains a date stamp from the Clerk of Court, which shows that the Clerk received Logsdon's motion and exhibits on May 22, 2026. (Doc. 94-1 at 1, upper right corner) The docket accurately shows that Logsdon's motion was docketed by the Clerk on May 22, 2026. Although, as explained *supra*, the motion is deemed filed on the date Logsdon delivered the motion to prison authorities for filing which was May 18, 2026.

DONE and ORDERED in Chambers in Tampa, Florida, this 3rd day of June, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**